UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                            :        Chapter 13

REHAP A. HOSHAN                                  :

      Debtor                                     :        Bankruptcy No. 07-11889bif

..............................................

MEMORANDUM

..............................................

On April 23, 2007, the above-captioned bankruptcy case was dismissed for failure to timely file all required documents, including a chapter 13 plan, pursuant to 11 U.S.C. § 1307(c). The debtor then filed an application to vacate the dismissal order, which application was denied on May 3, 2007. The debtor then filed a motion for reconsideration, which motion was also denied on June 4, 2007. The debtor has now filed a notice of appeal on June 22, 2007.

To the extent that this appeal is considered timely under Fed. R. Bankr. P. 8002(a), this memorandum is issued pursuant to Local Bankr. R. 8001-1 in amplification of the June 4th order.

I.

Ms. Hoshan filed pro se a voluntary petition in bankruptcy under chapter 13 on March 30, 2007. When she commenced this case, she did not accompany her petition with the requisite credit counseling certificate, see 11 U.S.C. § 109(h); Fed. R. Bankr. P.

1007(b)(3),[1] with the creditor mailing list (known as a creditor "matrix"), see Fed. R. Bankr. P. 1007(a)(1) [Interim][2]; Local Bankr. R. 1007-2, with her bankruptcy schedules (except for Schedule D) and statement of financial affairs, see Fed. R. Bankr. P. 1007(b), with her statement of current monthly income, see Fed. R. Bankr. P. 1007(b)(6), nor with any proposed chapter 13 plan.  See Fed. R. Bankr. P. 3015(b).

On March 30, 2007, an order was entered informing the debtor of these filing defects, instructing her to provide all required documents by a specified deadline (some by April 6, 2007 and others by April 14, 2007), notifying her of her right to seek an extension of these deadlines before their expiration, and giving her notice that if the documents were not filed timely her bankruptcy case could be dismissed without additional notice or hearing.  See Docket entry # 7.  The court records contain a certification that service of the March 30th order was mailed to the debtor and to the chapter 13 trustee on April 1, 2007.  Docket entry # 9.

By April 23, 2007—17 days beyond the April 6th deadline and 9 nine days past the April 14th deadline—none of the missing documents had been filed, nor had the debtor sought any extension to do so.  Without these documents, there was no evidence of the debtor's eligibility for bankruptcy relief, see 11 U.S.C. § 109(e), (h), creditors could not receive court notice of this bankruptcy filing (since there was no list of the creditors

---

[1]She did file a statement of compliance with credit counseling but not the required certificate from the counseling agency, despite the clear instruction on the statement that she must do so.

[2]In light of the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, and until official procedural rules are adopted under the Rules Enabling Act, the Judicial Conference has recommended the adoption of "Interim" procedural rules.  See In re Kibbe, 361 B.R. 302 (B.A.P. 1st Cir. 2007).  This district has accepted that recommendation.

2

and their addresses) and the chapter 13 trustee could not administer the case, such as scheduling and holding a meeting of creditors under section 341(a) within the requisite time set by Fed. R. Bankr. P. 2003(a) [Interim]. Moreover, the absence of any proposed plan delayed the commencement of plan payments under 11 U.S.C. § 1326(a). In addition, this was Ms. Hoshan's second pro se chapter 13 filing this year. On January 8, 2007 she had filed a chapter 13 petition, which case was dismissed on January 22, 2007 due to her failure to file timely all required bankruptcy documents.

Accordingly, on April 23, 2007, I entered an order sua sponte dismissing this case for cause, including undue delay and failure to file a timely plan, pursuant to 11 U.S.C. § 1307(c)(1), (3).

Section 1307(c) provides that an action such as dismissal shall be "on request of a party in interest or the United States trustee and after notice and hearing[.]" There had been notice provided to Ms. Hoshan prior to dismissal of her case, but no hearing held. Section 1307(c), however, does not mandate an actual hearing before relief can be granted. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and hearing" is a term of art:

> (1) "after notice and a hearing", or a similar phrase–
>
> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
> (B) authorizes an act without an actual hearing if such notice is given properly and if–
>
> > (i) such a hearing is not requested timely by a party in interest; or

3

>   (ii) there is insufficient time for a hearing to be
>   commenced before such act must be done, and
>   the court authorizes such act;

Therefore, while section 1307(c) states that dismissal of the case may occur "only after notice and a hearing," section 102(1) instructs that this phrase permits the court to act "without an actual hearing" if adequate notice has been provided and a hearing is not timely requested by a party in interest. See generally In re Lowenschuss, 171 F.3d 673, 685 (9th Cir.) (holding that appointment of a chapter 11 trustee without a hearing was valid under section 1104 because the objecting debtor did not request a hearing), cert. denied, 528 U.S. 877 (1999); In re Mariner Post-Acute Network, Inc., 257 B.R. 723, 728-29 (Bankr. D. Del. 2000) (finding that compensation may be paid to professionals without a hearing if no party in interest requests one).

Where, as in this instance, no hearing is requested by the debtor or any other party in interest, the plain language of section 102(1), see, e.g., Lamie v. United States Trustee, 124 S. Ct. 1023, 1030 (2004); Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000), authorizes dismissal of a case under section 1307(c) without any hearing. See, e.g., In re Minkes, 237 B.R. 476, 478 (B.A.P. 8th Cir. 1999) (holding that where the chapter 13 debtor was given notice of deficient filings and a deadline to cure those deficiencies, the case could be dismissed sua sponte without a hearing for failure to comply); In re Black, 180 B.R. 534 (S.D. Ind. 1995) (recognizing that dismissal under section 1307(c) may occur without any hearing).

Furthermore, 11 U.S.C. § 105(a) expressly permits a bankruptcy court to act sua sponte concerning those Bankruptcy Code provisions specifying that relief can be granted to parties in interest. See, e.g., In re Stewart, 175 F.3d 796, 811 n.14 (10th Cir.

1999); In re Wronke, 172 F.3d 54 (Table), 1998 WL 956310, at *3 (7th Cir. 1998); In re Jackson, 2007 WL 1188202, at *5 (Bankr. E.D. Pa. 2007). Thus, it is not incumbent upon a bankruptcy court to await a motion filed by the United States trustee or chapter 13 trustee before dismissing a case under section 1307(c).

Accordingly, Ms. Hoshan was provided with particular notice of filing defects on March 30th and of the deadlines to cure them. She was further informed that if the deficiencies were not corrected by the deadlines, her case could be dismissed. The Bankruptcy Code and due process require no more:

> Our holding should not hamper the bankruptcy court's ability to administer its cases. For example, we think the court's handling of the debtor's original filings was perfectly appropriate. The debtor was given notice of the serious deficiencies in his filing and failure to comply with the Federal Rules of Bankruptcy Procedure and Forms, was given a deadline to cure those deficiencies, and was told that his case would be dismissed if he failed. A subsequent dismissal would have been appropriate because the notice requirements would have been met, cause would have existed, and the requirement of a request of a party in interest obviated since the court would be dismissing based on the debtor's failure to comply with its court's order and rules.

In re Minkes, 237 B.R. at 478-79.

II.

Only after the bankruptcy case was dismissed on April 23, 2007 did Ms. Hoshan begin to file the missing required bankruptcy documents. On April 25, 2007, she filed a certificate of credit counseling and the delinquent bankruptcy schedules. On April

5

27, 2007, she filed her statement of financial affairs and proposed chapter 13 plan. And on April 30, 2007, she filed an "Application to Reinstate Chapter 13 Petition."

In this application, the debtor alleged that when her husband went to file her bankruptcy documents he first learned of the dismissal of the case. Her explanation for non-compliance with the March 30th order was only the following:

> I have seven young children living at home, including a five year old, and children ages 11, 12, 14, 15, 16 and 18. This makes everything very difficult, is very time consuming, and there are always emergencies because there are so many competing demands from them.

Debtor's Application of April 30, 2007, ¶ 3.

By order dated May 3, 2007, I found that explanation unpersuasive for a number of reasons and denied her application.

First, this was the second case in which the debtor failed to meet the filing deadlines. The prior case dismissal should have alerted her to the numerous document requirements as well as her need to act timely. Second, the debtor offered no explanation for failing to seek a timely extension. That is, if caring for her children made it difficult to prepare all the bankruptcy documents, yet she is capable of filing an application to vacate dismissal, then she could have filed a timely application for an extension of time. Third, I found that the debtor's tardy conduct made it problematic that she, acting pro se, would comply timely with the many future requirements and other deadlines that arise in all chapter 13 cases, were the dismissal order vacated. See, e.g., 11 U.S.C. § 521((a)(1)(B) (iv) (payment advices); 11 U.S.C. § 1308 (filing of prepetition tax returns); 11 U.S.C. § 1326(a) (commencement of plan payments). If so, then vacating the April 23rd dismissal order would achieve little purpose.

On May 14, 2007, the debtor filed a "Motion for Reconsideration of Debtor's Motion to Reinstate." This motion attempts to address the three reasons I had offered for denying her "Application to Reinstate" her dismissed case. As for the first reason, the debtor argues that her 11-day delay in filing her required documents should not be cause for dismissal. As for the second reason, she avers that she did not seek an extension because "My husband had fallen and injured himself at about the time that I should have asked for an extension; he came home in severe pain. He had to go to the doctor and needed extra help when he finally came home." Motion Certification, ¶ 2. And as to the third reason, the debtor maintained that "Having filed all my schedules and Plan, I do not understand how my late filing means that in the future I will not be able to comply timely with requirements and deadlines. This is judging me before I have had an opportunity to prove myself." Motion Certification, ¶ 1.

On June 4, 2007, I issued an order denying the debtor's second motion. I explained that even the bankruptcy documents she belatedly filed after dismissal of the case were defective. She never filed the creditor mailing matrix; and her certificate of credit counseling states clearly that she received this counseling on April 3, 2007—after she filed her bankruptcy petition and not before, as mandated by section 109(h)(1). See In re Tomco, 339 B.R. 145 (Bankr. W.D. Pa. 2006); In re DiPinto, 336 B.R. 693 (Bankr. E.D. Pa. 2006).[3] Furthermore, in a footnote I observed that her proposed plan had feasibility issues and also ran afoul of the provisions of section 1325(a)(5)(B)(iii).

---

[3]There are narrow exceptions to this pre-bankruptcy counseling requirement found in sections 109(h)(2)–(h)(4), but there is no basis to conclude that such exceptions apply.

I further concluded that her second motion was a Rule 60(b) motion (incorporated by Fed. R. Bankr. P. 9024) that was simply an attempt to reargue her prior application, and thus suffered from preclusion principles.  See generally In re Crofford, 277 B.R. 109, 113 (B.A.P. 8th Cir. 2002) ("Rule 60 is not available to rehash matters already decided nor to advance new legal theories which could have been raised in the original motion; rather it is available only where one of the grounds set forth in the rule is established.").  And I determined that no hearing was needed to resolve the debtor's reconsideration motion.  See United States v. 8136 S. Dobson Street, Chicago, Illinois, 125 F.3d 1076, 1086 (7th Cir. 1997) (federal court has "substantial discretion in determining whether to conduct an evidentiary hearing on a Rule 60(b) motion"), cert. denied sub nom. Anderson v. United States, 523 U.S. 1111 (1998); Atkinson v. Prudential Property Co., Inc., 43 F.3d 367, 374 (8th Cir. 1994) (same).

For all of these reasons, I concluded that the exercise of my discretion to dismiss this case on April 23rd was appropriate and should not be vacated.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| REHAP A. HOSHAN | : | |
| Debtor | : | Bankruptcy No. 07-11889bif |

...............................................

ORDER

...............................................

AND NOW, this 29th day of June 2007, the Clerk of Court is directed to forward this memorandum to the District Court when it forwards a copy of the record on appeal, pursuant to Fed. R. Bankr. P. 8007(b).

_____
BRUCE FOX
United States Bankruptcy Judge

Copies to:

Mrs. Rehap Hoshan
10123 Jeans Street
Philadelphia, PA 19116

William C. Miller, Esq.
Chapter 13 Trustee
111 S. Independence Mall, Suite 583
Philadelphia, PA 19106

United States Trustee
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107